

FILED
2009 Sep-09 PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TRACIE GAMBLE, et al., | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| vs. | ] 7:09-CV-01282-LSC |
| | ] |
| JOHN E. SMITH & CO., INC., et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff Tracie Gamble, ("Gamble" or "Plaintiff"), a resident of Alabama, filed suit against the defendants in the Circuit Court of Greene County, Alabama on June 27, 2008. Defendants removed this action to this Court on June 25, 2009, averring federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Defendants argue that workers' compensation claims against J&M Tank Lines, Inc., ("Tank Lines"), a Georgia corporation, were fraudulently joined to this matter in order to defeat

jurisdiction.

On July 24, 2009, Plaintiff filed a motion to remand, claiming that this action is non-removable pursuant to 28 U.S.C. § 1445(c) because Plaintiff's initial complaint asserts workers' compensation claims against Tank Lines, and the severance of those claims was not consented to by the plaintiff, rendering this action nonremovable. (Doc. 3.)  The issues raised in this motion have been fully briefed.  Upon due consideration this Court finds that removal was not proper, and that this case is due to be remanded.

II.     Background.[1]

According to the complaint, on June 23, 2008, while acting in the line and scope of his employment with Tank Lines, Allen Craig Carter ("Carter"), Gamble's husband and the decedent-plaintiff, collided with a vehicle driven by Defendant Sheldon Campbell ("Campbell").  Campbell was working in the scope of his employment with John E. Smith & Company, Inc. at the time of the accident, and Carter suffered fatal injuries as its result.  In her complaint, Plaintiff sought workers' compensation benefits from Tank Lines

---

1. The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiff's complaint.

while asserting claims for Negligence and Wantonness against Campbell and Negligent Entrustment against John E. Smith & Company, Inc. On June 18, 2009, an order was signed by Circuit Judge Eddie Hardaway purporting to sever Plaintiff's workers' compensation claims against Tank Lines.[2] Plaintiff maintains that even if Tank Lines were properly severed, something they contend did not happen[3], such an action represented an involuntary dismissal of Tank Lines, rendering this case nonremovable despite complete diversity of citizenship. The defendants maintain that Tank Lines was fraudulently joined to defeat jurisdiction, thus excepting this matter from the voluntary-involuntary doctrine.

   III.  Analysis.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-

---

2. Despite bearing the judge's signature, it appears the order was never entered.

3. As the Court has determined that removal was not proper, it does not reach the question of the propriety or finality of the severance order in the underlying matter.

court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party bears the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

Before this Court can exercise diversity jurisdiction, complete diversity of citizenship must exist. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here the existence of diversity is not disputed. Therefore, removal would generally be available in this matter under 28 U.S.C. § 1441(a). However, 28 U.S.C. § 1445(c) states, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." As the complaint in this matter

contained a workers' compensation claim and since that claim arose from the same transaction and occurrence as the other state law claims, this action was not removable as filed. *See In re City of Mobile,* 75 F.3d 605, 608 (11th Cir. 1996) ("Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)."). The parties do not dispute this point. *See* Doc. 1 at 4 ("Until [the severance order] was entered, this action was not removable per 28 U.S.C. § 1445(c); as the action contained claims arising under worker's compensation laws of the State.").

A matter may become removable under 28 U.S.C. § 1446(b). This section states that "[i]f the case stated by the initial pleading is not removable , a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." The Supreme Court has interpreted § 1446(b) as establishing a voluntary-involuntary dichotomy, holding, "[A] case, arising under the laws of the

United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant." *Great N. R. Co. v. Alexander*, 246 U.S. 276, 281 (1918).  The Eleventh Circuit follows this doctrine, holding that "if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed." *Insinga v. La Bella*, 845 F.2d 249, 252 (11th Cir. 1988).  This policy recognizes "a plaintiff's right, absent fraudulent joinder, to determine the removability of his case." *Id.* at 253.

A cursory review of the procedural facts of this matter indicate that removal was not proper under current 11th Circuit voluntary-involuntary doctrine. The defendants maintain, however, that the voluntary-involuntary rule is inapplicable in this case.  First, the defendants argue that the Court

should recognize a distinction between a severance and a dismissal. Secondly, the defendants claim that the plaintiff waived the voluntary-involuntary argument by failing to object to severance. Finally, the defendants claim that the fraudulent joinder exception applies and that the initial joinder of Tank Lines to this matter was improper.

Defendant first argues that the voluntary-involuntary rule is not applicable here as Tank Lines was severed rather than dismissed. The policy behind the voluntary-involuntary rule, however, is not grounded in the nature of the action taken by the state court, but rather the right of the plaintiff to be the master of his case. In *Insinga,* the Eleventh Circuit said, "There also appears to be a policy favoring a plaintiff's right, absent fraudulent joinder, to determine the removability of his case . . . This policy is well-established in federal question cases where the removability of a case depends on an examination of the face of the plaintiff's well-pleaded complaint, without recourse to the defendant's pleadings." 845 F.2d at 253 (noting that the voluntary/involuntary rule originated with *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149 (1908*)* and its progeny). It is clear then that the central question is not the procedural style of the state

court's action, but rather whether that action was done with the consent of the plaintiff.

Defendants then argue that the severance of Tank Lines from this matter was a voluntary act as the plaintiff never voiced its opposition to the motion. It appears from the record that the motion to sever was filed with the state court on May 5, 2009, and ruled on June 17, 2009. It is undisputed that in the intervening month, Plaintiff did not offer a formal opposition to the motion.[4] But the fact that Plaintiff did not oppose the motion to sever does not equate to a voluntary action on Plaintiff's part. First, the voluntary/involuntary doctrine in *Insinga* is described in terms of the plaintiff taking action. *See id.* at 252 ("[I]f the resident defendant was dismissed from the case *by the voluntary act of the plaintiff*, the case became removable . . . .") (emphasis added). Furthermore, it is well established that mere inaction does not constitute voluntary abandonment of a claim. *See, e.g., Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1510 (S.D. Ala. 1996) ("In order to constitute a voluntary abandonment there must be

---

4. Plaintiff notes that the state court neither set a deadline for a response nor set the motion for oral argument.

a definite or unequivocal expression of intent to discontinue the action against the resident party.") (citing *Delatte v. Zurich Ins. Co.*, 683 F. Supp. 1062, 1063 (N.D. Ala. 1988)); *McKinstry v. New England Mut. Life Ins. Co.*, 1997 U.S. Dist. LEXIS 9735 (S.D. Ala. May 9, 1997) ("For dismissal of a nondiverse defendant to be voluntary under the voluntary-involuntary rule, there must be a definite or unequivocal expression of intent to discontinue the action against the resident party.") (internal quotations omitted) (citing *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92 (1898)). Here, the plaintiff clearly did not express her intent to sever Tank Lines from this matter, and her silence is not sufficient to constitute a voluntary dismissal.

Finally, the defendants contend that Tank Lines was fraudulently joined to this matter to prevent removal. Were this true, this matter would be properly removable as fraudulent joinder is an exception to the voluntary/involuntary rule. *Insinga*, 845 F.2d at 253 (noting that the voluntary/involuntary rule applies "absent fraudulent joinder"). The Eleventh Circuit has identified the following three circumstances in which fraudulent joinder may apply:

> Fraudulent joinder is a judicially created doctrine that provides

> an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden on the removing party to prove fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also, De Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998).  In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *De Perez,* 139 F.3d at 1380.

Defendants maintain that the third fraudulent joinder exception applies — a diverse defendant is joined with a nondiverse defendant as to

whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  Defendants contend that Tank Lines was misjoined under Alabama Rule of Civil Procedure 20 in that the workers' compensation claims against that entity and the tort claims against the remaining defendants do not contain common questions of law and fact. Defendants contention is misplaced for several reasons.

First, the plaintiff has cited this Court to numerous cases in which other courts have determined that the joinder of tort claims and workers' compensation claims do not constitute fraudulent joinder under the third exception. *See, e.g.*, *Williams v. CNH Am., LLC*, 542 F. Supp. 2d 1261, 1265 (M.D. Ala. 2008) ("However, this does not mean that there is no joint, several, or alternative liability; nor does it mean that the worker's compensation claim has no real connection to the claims against CNH. Indeed, all of the claims in this case arise out of the same incident and will necessarily have several common questions of fact. As a result, these claims cannot be said to have no real connection."); *Baker v. Tri-Nations Express*, Inc., 531 F. Supp. 2d 1307, 1313 n.6 (M.D. Ala. 2008) (finding a "real

connection" between workers' compensation claims and tort claims sufficient to defeat the third exception to fraudulent joinder); *Bolton v. McWane Cast Iron & Pipe Co.*, 328 F. Supp. 2d 1229 (N.D. Ala. 2004).

More importantly, however, *Tapscott* only held that "[m]isjoinder *may* be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (emphasis added). But the court in Tapscott expressly stated, "We do not hold that mere misjoinder is fraudulent joinder;" rather, in order to qualify as fraudulent, misjoinder must be "egregious." *Id*. It is clear that in this case the plaintiff's joinder of her workers' compensation claims against Tank Lines, even if an instance of misjoinder, does not reach the level to constitute fraudulent joinder. Therefore, the exception to the voluntary/involuntary doctrine does not apply, and this matter was not subject to removal.

IV. Conclusion.

For the reasons herein stated, this Court grants Plaintiff's motion. This matter will be remanded to the Circuit Court of Greene County, Alabama from whence it came. A separate order consistent with this

Opinion is issued herewith.

Done this 9th day of September 2009.

*signature*

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671